UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEONARD BARRERAS RAMOS,

Petitioner,

v. Case No. 3:26-cv-3029-MMH-LLL

ERIC HALL, et al.,

Respondents.

---

**ORDER**

Petitioner Leonard Barreras Ramos, an immigration detainee, initiated this action through counsel by filing a Verified Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2; Petition) on November 2, 2026. See generally Petition. Two days later, he filed an amended petition. See generally First Amended Verified Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 7; Amended Petition). Barreras Ramos, a citizen of Cuba, was temporarily detained at the border and paroled into the United States on September 30, 2024. Record of Deportable/Inadmissible Alien (Doc. 9-1) at 3. On September 16, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Barreras Ramos. Amended Petition at 5. As relief, he seeks, inter alia, a bond hearing or, alternatively, immediate release. Id. at 11.

Barreras Ramos argues that his continued detention violates the Immigration and Nationality Act. Id. at 6–8. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Barreras Ramos, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Barreras Ramos was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Barreras Ramos's First Amended Verified Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 7) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order,

[1] Because the Court finds that Barreras Ramos is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

Respondents shall either afford Barreras Ramos an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Barreras Ramos, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Barreras Ramos is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).